IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| KOURTNEY D KAMA, | ) | |
| Institutional ID No. 55320-066, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 1:14-CV-201-C |
| MYRON L. BATTS, Warden, *et al.*, | ) | ECF |
| | ) | |
| Defendants. | ) | |

## Order

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. 1983[1] against Defendants Warden Myron L. Batts; Health Service Administrator Mr. Acosta; Assistant Health Service Administrator Mr. Hanson; and Mid Level Provider Mr. Alvarez, all employees or agents of the Federal Bureau of Prisons (BOP) located at the Federal Correctional Institution in Big Spring, Texas (FCI Big Spring). Plaintiff alleges that Defendants denied him adequate and timely medical attention in retaliation for his alleged misconduct.

The complaint was transferred to the docket of the United States Magistrate Judge, who utilized a questionnaire to develop the factual basis of Plaintiff's complaint pursuant to *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976). Plaintiff returned his answers to the questionnaire on October 13, 2015. Plaintiff did not consent to proceed before the United States Magistrate Judge. The Magistrate Judge did not order authenticated copies of Plaintiff's prison records that were relevant to his complaint and based said Report and Recommendation on the facts submitted by

---

[1] This Court treats the complaint as filed pursuant to 28 U.S.C. 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 26 n. 1 (5th Cir. 1994).

the Plaintiff in his pleadings. Pursuant to this Court's Order entered on January 14, 2015, the Magistrate Judge entered findings of fact, conclusions of law, and recommendation for disposition on November 13, 2015 (hereinafter the "Report and Recommendation"). Plaintiff filed his objections to the Report and Recommendation on February 9, 2016.

The Magistrate Judge made the following recommendations:

1. Defendants should be ordered to answer or otherwise plead on Plaintiff's claim of deliberate indifference to his serious medical needs following the injury to his right hand alleged to have occurred on August 7, 2013.

2. Plaintiff's claim of deliberate indifference to his serious medical needs following the injury to his lower back alleged to have occurred January 15, 2014, should be dismissed as frivolous pursuant to 28 U.S.C. 1915(e)(2)(B)(I).

3. Plaintiff's claims under the Federal Tort Claims Act (FTCA) against the named Defendants should be dismissed for failure to state a claim upon which relief can be granted.

This Court has made an independent review of the record in this case, including the Plaintiff's complaint and his answers to the Magistrate Judge's questionnaire. The Court has also examined the findings, conclusions, and recommendation of the Magistrate Judge and the Plaintiff's objections thereto and determines that the findings and conclusions are correct, with one exception: the Report and Recommendation provides no recommendation for the disposition of Plaintiff's retaliation claims. Consequently, the Court will address Plaintiff's claims of retaliation below.

In his original complaint, Plaintiff claims that each of the Defendants retaliated against him by denying him adequate and timely medical treatment. In his answers to the Magistrate Judge's questionnaire, Plaintiff clarifies that he believes he was denied medical attention because he was responsible for initiating the group fight or race riot that caused not only his own injuries, but also

injuries to others and damage to property, and that ultimately resulted in a facility-wide lockdown.

In order to prevail on a claim of retaliation, a prisoner must allege that he invoked or exercised a specific constitutional right, that the prison officials acted adversely with the intent to retaliate against the prisoner for the exercise of that right, and that the adverse action would not have happened but for the retaliatory motive. *Freeman v. Tex. Dep't of Crim. Justice*, 369 S.3d 854, 863 (5th Cir. 2004) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir 1995). If the prisoner is unable to identify a specific constitutional right that has been violated, his claim will fail. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1990). *See also Tighe v. Wall*, 100 F.3d. 41, 43 (5th Cir. 1996).

Additionally, mere conclusory allegations will not support a claim of retaliation. *Jones v. Greninger*, 188 F.3d. at 325. "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). The inmate must produce direct evidence of retaliatory motivation or allege a sequence of events from which retaliation may be reasonably inferred. *Woods v. Smith*, 60 F.3d 1161,1166 (5th Cir. 1995). This is a significant burden for the inmate to overcome. *Id.* Retaliation against a prisoner is actionable only if it is capable of deterring the exercise of a constitutional right. *See Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

Plaintiff fails to identify a specific constitutional right as the basis for his retaliation claim. Indeed, there is no conceivable constitutionally protected interest in initiating a violent prison riot. Despite the opportunity to elaborate on his allegations by his answers to the questionnaire, Plaintiff states only his personal conclusory belief in the Defendants' retaliatory motives. For these reasons, the Court finds that Plaintiff has failed to carry the significant burden to establish a cognizable retaliation claim. Plaintiff's claims of retaliation are without merit and should be dismissed with

prejudice as frivolous.

The Court finds that Plaintiff's objections should be overruled and the Magistrate Judge's findings, conclusions and recommendation should be accepted and adopted, except as to the omission of Plaintiff's retaliation claims.

It is therefore ORDERED:

(1) Plaintiff's claim of deliberate indifference to his serious medical needs related to the injury to his lower back, alleged have occurred on January 15, 2014, is **dismissed with prejudice as frivolous.**

(2) Plaintiff's claim under the Federal Tort Claims Act as to the named Defendants is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

(3) Plaintiff's claim of retaliation is **dismissed with prejudice as frivolous.**

(4) The Clerk of the Court is directed to complete form USM-285 and a summons for each of the named Defendants. The last known address for Defendants is:

> FCI Big Spring
> 1900 Simler Dr.
> Big Spring, TX 79720

(5) The Clerk shall provide form USM-285, the completed summons, a copy of Plaintiff's Complaint, a copy of Plaintiff's Response to Judge's Questionnaire (Doc. 11), a copy of the Report and Recommendation of the United States Magistrate Judge (Doc. 12), and a copy of this Order to the United States Marshal for each of the named Defendants.

(6) The United States Marshal shall personally serve process and a copy of this Order upon the Defendants. In the event that a Defendant is no longer associated with FCI Big Spring, the United States Marshal shall command all necessary assistance from FCI Big Spring to

execute this order.

(7) Within ten (10) days after personal service is effected, the United States Marshal shall file a return of service as to the Defendant served and the costs incurred in effective service on such Defendant.

(8) Defendants shall, within thirty (30) days after service, file written answers or responses to Plaintiff's claim of deliberate indifference to his serious medical needs regarding the injury to his right hand alleged to have occurred on August 7, 2013.

(9) Any pending motions are **denied.**

There is no just reason for delay in entering a final judgment and final judgment should be entered as to the claims dismissed above pursuant to Federal Rule of Civil Procedure 54(b). Judgment shall be entered accordingly.

A copy of this Order shall be mailed to Plaintiff and to all attorneys of record.

Dated January 20, 2017.

SAM R. CUMMINGS
Senior United States District Judge